UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 0:14-cv-61957-JIC |
| | ) |
| ROBERT DARE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE DEFAULT**

COMES NOW Defendant, ROBERT DARE, by and through his undersigned counsel, pursuant to 55(c), Federal Rules of Civil Procedure, and hereby moves this Honorable Court to set aside the Clerk's Default (Doc 12) entered February 11, 2015, and, pursuant to Rule 6(b), for an enlargement of time up to and until Wednesday, February 25, 2015, in which to file his answer with affirmative defenses.

**I.   Procedural History**

On December 19, 2014, Plaintiff served Defendant through substituted service of process (Doc. 10).

On February 10, 2015, Plaintiff filed a motion for Clerk's default (Doc. 12).

On February 11, 2015, the Clerk entered a default against Defendant (Doc. 11).

On the evening of February 23, 2015, promptly after receiving a copy of the default in the mail, Defendant retained the undersigned counsel, who within 24 hours conferred telephonically with counsel for Plaintiff about this issue and filed the instant motion.

## II. Legal Standard

Rule 55(c), Federal Rules of Civil Procedure, provides that the Court may set aside a default for good cause. "The good cause standard under Rule 55(c) is a liberal standard and distinguishable from the more rigorous excusable neglect standard." *Black v. Alternative Painting Squared, Inc.*, 5:08CV88OC-10GRJ, 2008 WL 2370394 (M.D. Fla. 2008). "The general guidelines for setting aside a default in the Eleventh Circuit include whether the default is culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id*. (citing *Compania Interamericana Export-Import*, 88 F.3d 524, 951 (11th Cir. 1990).

The "good cause" standard is "a liberal one-but not so elastic as to be devoid of substance." *Daytona Tourist Charter Corp. v. Broward Servs. Ltd.*, No. 12-20221-CIV, 2012 WL 3042992, at *1-2 (S.D. Fla. July 25, 2012) (citing *Compania Interamericana Export-Import, S.A.,* 88 F.3d at 951). "[T]he

movant must only make a 'bare minimum showing' to support its claim for relief." Id. (citing *Jones v. Harrell,* 858 F.2d 667, 669 (11th Cir. 1988)).

### III. "Good Cause" Factors

In determining whether good cause exists, courts may consider several factors, including "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *S.E.C. v. Johnson,* 436 F. App'x. 939, 945 (11th Cir. 2011); *cited by Daytona Tourist Charter Corp.*, No. 12-20221-CIV, 2012 WL 3042992, at *1-2 (S.D. Fla. July 25, 2012) (internal quotations and citations omitted).

#### A. The default was not culpable or willful.

First, Defendant's conduct leading up to the default was not willful or culpable but was rather caused by harmless error. His failure to file a timely answer was not because Defendant "was intent on thwarting the judicial process or was recklessly disregarding the effect of its conduct on others." *Idearc Media LLC.*, 8:09-CV-02078-T-17AE, 2010 WL 2179122 *3. Harmless error, misunderstanding, and oversight are the

reasons why Defendant failed to respond to the complaint.

Defendant recalls seeing notice in September 2014 that a trial had been scheduled for May 4, 2015, and calendar call for April 30, 2015 (Doc. 4); at the time, Defendant assumed this schedule would provide him his "day in court." Defendant's litigation experience has not really extended beyond traffic court and small claims issues, and Defendant, having already received this knowledge of the litigation, did not entirely understand that, when the summons arrived it required an answer.  His wife received the summons and gave it to Defendant who, having already seen the notice setting the trial date, tucked the summons away, inadvertently overlooking the requirement that a response was due.

An additional reason why Defendant inadvertently overlooked the requirement to file an answer was simply because Defendant was overloaded.  The summons arrived on December 19, 2015, the Friday before Christmas.  At the time, Defendant had just started a new job, and, when not at work, was spending nearly all waking hours changing diapers and tending to his 4-month-old or looking after his 2-year-old. Additionally, he was preparing for the holidays, and he and his family were faced with seasonal colds, one after another. Faced with the holidays, a new job, and a sick family,

Defendant regrettably missed an important piece of information, but did so wholly unintentionally.

### B.  Setting default aside will not prejudice Plaintiff

Next, granting this motion will not materially prejudice Plaintiff, who has agreed to the granting of this motion. The granting of this motion will allow the case against Defendant to be decided on its own merits; to do otherwise "would unfairly prevent the case from being decided on the merits, which is contrary to the policy in this circuit." *Daytona Tourist Charter Corp.*, No. 12-20221-CIV, 2012 WL 3042992.

Furthermore, the delay has not resulted in any loss of evidence, increased opportunities for fraud, or discovery difficulties. *Idearc Media LLC.*, 8:09-CV-02078-T-17AE, 2010 WL 2179122 *4 (citing *Suntrust Bank v. Armsey*, No. 09-80606-CIV, 2010 WL 731802, at *2 [S.D.Fla. 2010] [quoting *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)]). Moreover, delay alone is not prejudice such as will preclude relief from default. *In re. McCraney*, 439 B.R. 188 (D.N.M. 2010)

### C. Defendant presents meritorious defenses

Next, Defendant has various meritorious defenses, including that he simply did not infringe Plaintiff's copyrights as Plaintiff has alleged. Plaintiff has accused Defendant of downloading Plaintiff's videos via the BitTorrent protocol from Defendant's IP address. However, Defendant denies having ever done such a thing and avers that, if someone used his IP address and Internet account, it was probably a neighbor accessing an open wi-fi without his knowledge. Other affirmative defenses will be included in his answer with affirmative defenses, which the undersigned has already begun preparing and intends to file by Wednesday, February 25, 2015.

### D. Failure to set aside the default would result in significant financial loss to Defendant

Next, allowing the Plaintiff to obtain a default judgemtn would potentially result in an unfair and grave financial loss to Defendant. Plaintiff's complaint seeks damages of up to $150,000 per alleged infringement for 17 alleged infringements, which Defendant denies having caused. If the Court were to enter a judgment in the amount Plaintiff seeks, such amount would be unfairly and unreasonably financially crippling for Defendant.

### E. Defendant acted promptly to correct the default

Finally, Defendant acted expeditiously to correct the default. It was not until Defendant received the notice of default in the mail when he realized he had erred by not responding to the complaint. Immediately upon reviewing the notice of default, he searched for experienced counsel. He quickly conferred and retained the undersigned, who then quickly conferred with counsel for Plaintiff, who said Plaintiff would be unopposed to this motion. Essentially, there were no delays in filing this motion to correct the default.

### IV. Conclusion

"It is well-established that 'defaults are seen with disfavor because of the strong policy of determining cases on their merits.'" *Florida Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993); see also *Idearc Media LLC. v. Kravitz Law Group, P.A.*, 8:09-CV-02078-T-17AE, 2010 WL 2179122 (M.D. Fla. 2010) report and recommendation adopted, 8:09-CIV-2078T17AEP, 2010 WL 2179109 (M.D. Fla. 2010) (even where defendant was a lawyer and should have had knowledge of the Federal Rules of Civil Procedure, good cause existed, and the defendant's conduct was not willful or culpable).

Here, good cause exists. The default was not willfull or

culpable. Setting it aside will cause no prejudice to Plaintiff, who is unopposed to the granting of this motion. Defendant presents meritorious defenses, including the fact that he had an unprotected wi-fi signal and, if anyone downloaded Plaintiff's films through same, it was likely a neighbor. If this motion is not granted, Defendant will suffer enormous financial injury, which would be unfair to Defendant. Finally, this motion has been filed quickly, within two weeks of the default being entered. The undersigned counsel has already begun preparing an Answer with Affirmative Defenses on Defendant's behalf and intends to file one tomorrow.

WHEREFORE, Defendant asks this Honorable Court to grant this motion and SET ASIDE the default and grant Defendant an enlargement of time through to Wednesday, February 25, 2015, to respond to the amended complaint.

### RULE 3.01(g) CERTIFICATE OF GOOD-FAITH CONFERENCE

I, the undersigned attorney, certify that, prior to filing this motion, on Monday, February 23, 2015, immediately after being retained, I contacted counsel for Plaintiff and was able to speak to same telephonically the very next day (today) in a good-faith effort to resolve the issues raised by

this motion, and Plaintiff's counsel was **unopposed** to the granting of it.

/s/ Cynthia Conlin, Esq.
Cynthia Conlin, Esq.
Florida Bar No. 47012

### ATTORNEY'S CERTIFICATE OF SERVICE

I the undersigned attorney hereby certify that on **February 24, 2015,** I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify electronically all parties who have made appearances in this case.

*Attorney for Defendant:*

Cynthia Conlin, P.A.
1643 Hillcrest Street
Orlando, FL 32803-4809
Tel. 407-965-5519/Fax 407-545-4397
www.ConlinPA.com

/s/ Cynthia Conlin, Esq.
[X] Cynthia Conlin, Esq.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
[ ] JENNIFER D. REED, Esq.
Florida Bar No. 104986
Jennifer@cynthiaconlin.com
Secondary Email for Service:
Jeff@cynthiaconlin.com