UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.

ROBERT DARE,

    Defendant.

Civil Action No.
0:14-cv-61957-JIC

**DEFENDANT'S MOTION TO COMPEL INTERROGATORY ANSWERS
WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW Defendant, ROBERT DARE, by and through his undersigned counsel, pursuant to Rule 37, Federal Rules of Civil Procedure, and moves this Honorable Court for an Order compelling Plaintiff, MALIBU MEDIA, LLC, to provide more complete responses to Interrogatory Nos. 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, and 22.

**I.   Procedural History**

On or about June 9, 2015, Defendant served its First Interrogatories on Plaintiff.

On July 13, 2015, Plaintiff served Plaintiff's Response to Defendant's First Set of Interrogatories.

On July 31, 2015, Defendant emailed a letter (copy at "**Exhibit 1**") to Plaintiff addressing each objection and requesting a response by August 7, 2015.

On August 6, 2015, Defendant called Plaintiff asking for a timeline in which a response would be received. Defendant provided assurance that a response would be received by August 7 or 10 at the latest.

On August 10, 2015, Plaintiff emailed Defendant stating a response would be sent

later that day. Later that day, Plaintiff stated that a response would be sent on August 11, 2015 instead.

On August 11, 2015, Defendant emailed counsel for Plaintiff seeking the promised responses. Plaintiff responded stating they send the responses out shortly.

On August 12, 2015, counsel for Defendant called counsel for Plaintiff, again requesting responses. Counsel for Plaintiff stated they would have responses by Friday, August 14, 2015.

## II.   Legal Standard

Motions to compel discovery are committed to the sound discretion of the court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)). "The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party." *Id.* (citing *Hastings v. N.E. Independent School District,* 615 F.2d 628, 631 (5th Cir.1980)).

## III.  Analysis

The discovery requests at issue are Defendant's Interrogatory Nos. 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, and 22.

### A.   Interrogatory No. 7

Interrogatory No. 7 asks:

> Please list any and all dates and times at which IPP International UG "connected" with Defendant's IP address, as you allege in the Amended Complaint.

Plaintiff responded,

> Pursuant to Fed. R. Civ. P. 33(d) since the answer to this interrogatory may be determined by examining the MySQL

> Log File and the burden of deriving or ascertaining this answer will be substantially the same for either party, the Plaintiff may answer by specifying the records that must be reviewed and giving the Defendant a reasonable opportunity to examine such records. Therefore, Plaintiff will produce a copy of the MySQL Log File which will list each date and time Defendant's IP Address connected to Excipio's servers and transmitted a piece of any of Plaintiff's copyrighted works at issue in this case.

"The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33.  As of the date of filing this motion to compel, over two months after initially serving the discovery request, Plaintiff has not provided the MySQL Log File.  Defendant requests that the court direct Plaintiff to produce responsive documents immediately.

**B.    Interrogatory No. 8**

Interrogatory No. 8 asked:

> Please list and identify any and all usernames, clientnames, pseudonyms, network names, globally unique identifier, port(s), and name of the protocol that IPP's software logged during the TCP/IP connection between IPP International UG and IP address 98.249.146.169, as referenced in the Amended Complaint.

Plaintiff responded:

> Plaintiff will produce one PCAP for each work infringed and the MySQL log file. Plaintiff does not have any other information in its possession, custody, or control which is responsive to this request.

"The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33.  As of the date of filing this motion to compel, over two months after initially serving the discovery request, Plaintiff has

not provided the MySQL Log File. Defendant requests that the court direct Plaintiff to produce responsive documents immediately.

Also, Plaintiff states it does not have any other information is its possession, custody, or control. However, if any additional information responsive to this request is within the possession, custody, or control of Plaintiff's attorney, investigator, or agent, Plaintiff is required to provide this information. "The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ..." *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (citations omitted). Therefore, Defendant asks that this interrogatory be answered according to the knowledge of Plaintiff's attorney, investigators, or agents.

### C. Interrogatory No. 9

Interrogatory No. 9 asked:

> For each work, please identify, as best as possible, the initial file-provider. If said individual's name is unknown, provide the IP address, username, clientname, pseudonym, and/or network name, and whatever other identifying information you have.

Plaintiff responded:

> Plaintiff does not know the identity of the initial seeder.

If this is information that Plaintiff's investigator, attorney, or agent would know, then Plaintiff has a duty to provide this information. *Essex Builders Group*, 230 F.R.D. at 685.

As such, Defendant requests the court direct Plaintiff to answer this interrogatory according to the knowledge of its attorney, investigators, or agents as well.

### D. Interrogatory No. 10

Interrogatory No. 10 asked:

> Please identify the exact date(s) and time(s) when the alleged downloads (a) began and (b) ended.

Plaintiff responded:

> Plaintiff will produce the MySQL Log File which contains this information.

"The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33. As of the date of filing this motion to compel, over two months after initially serving the discovery request, Plaintiff has not provided the MySQL Log File. Defendant requests that the court direct Plaintiff to produce responsive documents immediately.

### E. Interrogatory No. 11

Interrogatory No. 11 asked:

> Please identify each and every user interacting, stating for each: (a) IP address; (b) user ID or other identifier; (c) legal name, address, and telephone number, if known; and (d) the dates and times of each said user interacting began and ended such activity.

Plaintiff responded:

> Plaintiff does not have any information in its possession, custody, or control which is responsive to this request.

If this is information that Plaintiff's investigator, attorney, or agent would know, then Plaintiff has a duty to provide this information. *Essex Builders Group*, 230 F.R.D. at 685.

As such, Defendant requests the court direct Plaintiff to answer this interrogatory according to the knowledge of its attorney, investigators, or agents as well.

### F.  Interrogatory No. 12

Interrogatory No. 12 asked:

> Regarding the torrent files, please identify: (a) the size of the file; (b) the number of "pieces" the file was broken into; (c) the size of each piece, and (c) the cryptographic "hash".

Plaintiff responded:

> Pursuant to Fed. R. Civ. P. 33(d) since the answer to this interrogatory may be determined by examining the .torrent file and the burden of deriving or ascertaining this answer will be substantially the same for either party, the Plaintiff may answer by specifying the records that must be reviewed and giving the Defendant a reasonable opportunity to examine such records. Therefore, Plaintiff will produce a copy of each of the .torrent files which speak for themselves.

"The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33.  As of the date of filing this motion to compel, over two months after initially serving the discovery request, Plaintiff has not provided the MySQL Log File.  Defendant requests that the court direct Plaintiff to produce responsive documents immediately.

### G.  Interrogatory No. 14

Interrogatory No. 14 asked:

> In publishing or producing the works that you allege Defendant infringed, were any devices, software, or mechanisms used to diminish infringing activity, such as copy protections, anti-piracy software protection, or piracy protection? If so, describe them in detail.

Plaintiff responded:

> Yes. But these measures are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff did not authorize Defendant to steal ninety-four of its works.

This information is relevant to Defendant's seventeenth affirmative defense: failure to mitigate damages, as it demonstrates whether Plaintiff took sufficient steps to protect the copyrighted material.  This defense is relevant to Plaintiff's claim requesting statutory damages because "one purpose of statutory damages is to approximate actual damages that are difficult to prove." *Malibu Media*, *LLC v. Doe*, No. 2:13-cv-135, 2014 WL 1031336, at *2 (N.D. Ind. Mar. 17, 2014).  Furthermore, "because [courts] ha[ve] broad discretion in determining how to award statutory damages and may consider actual damages as a factor in making that determination, a failure to mitigate damages may remain relevant, particularly because one purpose of statutory damages is to approximate actual damages that are difficult to prove." *Malibu Media, LLC v. Zumbo*, 2:13-CV-729-JES-DNF, 2014 WL 2742830, at *3 (M.D. Fla. 2014) (citing *Malibu Media, LLC v. Doe,* 2:13–CV–135–RLM–JEM, 2014 WL 1031336, at *2 (N.D.Ind. Mar.17, 2014) (citing *Malibu Media, LLC v. Julien,* 1:12–CV–01730–TWP, 2013 WL 5274262, at *2 (S.D.Ind. Sept.17, 2013)); *see also, Malibu Media, LLC v. Reeves,* 1:12–CV00841–SEB, 2013 WL 5487424, at *2–3 (S.D.Ind. Sept.27, 2013).

This request is also relevant to the bad faith element of misuse of copyright. Defendant has the right to seek discovery as to whether Plaintiff has seeded its own films into the bittorrent stream or allowed others to do so.   The failure to implement protection would lean toward either of these possibilities. *See Malibu Media v. Guastaferro*, case no. 1:14-cv-1544 (E.D. Va. 2015) (finding that the allegation that Plaintiff's use of its copyrights

"to obtain its principal revenue through litigation rather than through its monthly service fee . . . ." could support a misuse of copyright defense).

    **H.**    <u>**Interrogatory No. 15**</u>

Interrogatory No. 15 asked:

> What actions have you taken to diminish piracy of the works? Please be as specific and detailed as possible.

Plaintiff responded:

> See Response to Interrogatory No. 14.

Defendant reasserts it's argument as set forth in Interrogatory No. 14.

    **I.**    <u>**Interrogatory No. 16**</u>

Interrogatory No. 16 asked:

> For each and every work, please identify by address the filming location, the date(s) of filming, and whether a film permit was issued for filming, and if so, the agency issuing the permit.

Plaintiff responded:

> Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff further objects on the basis that this request is set forth solely to harass Plaintiff.

"Parties shall not make nonspecific, boilerplate objections. Such objections do not comply with Local Rule 26.1 G 3(a) which provides 'Where an objection is made to any interrogatory or sub- part thereof or to any document request under Fed.R.Civ.P. 34, the objection shall state with specificity all grounds.'" *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008). "An objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why

the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence. Parties are reminded that the Federal Rules allow for broad discovery, which does not need to be admissible at trial." *Id*.

Nonetheless, this is relevant to Defendant's seventh affirmative defense: misuse of copyright, as to whether Plaintiff complied with applicable law in the production of its pornography.

> The copyright misuse defense aims to prevent abuse of the public policy embodied by the Copyright Act—namely, to "promote the Progress of Science and useful Arts." *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 975-77 (4th Cir. 1990) (quoting U.S. CONST., art. I, § 8, cl. 8). Although violations of antitrust law or other anti-competitive behavior has been found to be an example of copyright misuse, the defense "is viable outside of anti-trust violations." *Thomas M. Gilbert Architects*, 629 F. Supp. 2d at 536. Indeed, the defense applies when "the copyright is being used in a manner violative of the public policy embodied in the grant of a copyright." *Lasercomb*, 911 F.2d at 978.

*Malibu Media, LLC v. Guastaferro*, case no. 1:14-cv-1544 (E.D. Va. 2015). Copyrighting content that was illegally created would not promote the public policy embodied by the Copyright Act.

Additionally, as this affirmative defense is an extension of the equitable doctrine of unclean hands, *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002), the principles of unclean hands would be pertinent herein as well. "The point [of the unclean hands doctrine] is . . . that a court will not adjudicate a case if a judgment for the plaintiff would encourage or reward criminal or other unlawful activity." *Schlueter v. Latek*, 683 F.3d 350, 355 (7th Cir. 2012).

Furthermore, this information could be pertinent in the court's discretionary award of statutory damages. If the copyrighted work was illegally created, the court may be less inclined to award higher statutory damages.

### J.     Interrogatory No. 17

Interrogatory No. 17 asked:

> For each and every work, please specify whether, during filming, a condom or dental dam was used in every instance of oral sex and every instance of sexual penetration.

Plaintiff responded:

> Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff objects on the basis that this request seeks confidential business information. Plaintiff further objects on the basis that this request is set forth solely to harass Plaintiff. Further, none of these answers would affect the copyright ability of the works.

"Parties shall not make nonspecific, boilerplate objections. Such objections do not comply with Local Rule 26.1 G 3(a) which provides 'Where an objection is made to any interrogatory or sub- part thereof or to any document request under Fed.R.Civ.P. 34, the objection shall state with specificity all grounds.'" *Guzman v. Irmadan*, Inc., 249 F.R.D. 399, 400 (S.D. Fla. 2008). "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome." *Id.* "An objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance, and

why the information sought will not reasonably lead to admissible evidence. Parties are reminded that the Federal Rules allow for broad discovery, which does not need to be admissible at trial." *Id*. at 401 (citations omitted). "Generalized objections asserting 'confidentiality'... also do not comply with local rules. Local Rule 26.1 G 3(b) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others." *Id.* Plaintiff has failed to specifically identify why any of these objections apply to the request for production of documents.

**K.     Interrogatory No. 18**

Interrogatory No. 18 asked:

> Do you have any evidence, other than an IP Address, to prove that Defendant, ROBERT DARE, and no one else committed the infringements alleged in the amended complaint? If so, please identify, with particularity and to completion, any and all such evidence.

Plaintiff responded:

> Plaintiff objects on the basis that this interrogatory seeks attorney mental impressions. Further, it is premature to explain evidence because discovery is ongoing. Plaintiff's evidence will be explained in dispositive motions and at trial, if necessary.

Contrary to Plaintiff's assertion, this interrogatory is not seeking attorney mental impressions.  "It seems clear and long has been recognized that discovery should provide a party access to anything that is evidence in his case." *Hickman v. Taylor*, 329 U.S. 495, 515

(1947). Defendant only seeks to uncover any additional evidence Plaintiff has against Defendant.

### L. Interrogatory No. 19

Interrogatory No. 19 asked:

> Explain, in as much detail as possible, in chronological order with dates, each and every step used by your investigator to detect the transmission of the works through Defendant's IP address.

Plaintiff responded:

> Plaintiff does not have sufficient information in its possession, custody or control to answer this interrogatory. Excipio recorded the infringement. Therefore, this request should be directed to Excipio.

Information in the possession of Plaintiff's investigator is considered in Plaintiff's possession, custody, or control. *Essex Builders Group*, 230 F.R.D. at 685. As such, Plaintiff must provide this information.

### M. Interrogatory No. 22

Interrogatory No. 22 asked:

> Please identify each user interacting and any and all settlement(s) or recovery received from, and all judgments entered against, each and every such user listed.

Plaintiff responded:

> Plaintiff does not possess a list of "each user interacting" and therefore cannot respond to this request.

To begin, Defendant is not asking if Plaintiff has a list, but only if Plaintiff can provide information regarding "users interacting." If Plaintiff truly does not possess this information, but this is information that is in the possession of Plaintiff's investigator,

attorney, or agent, then this is considered in the possession, custody, or control of Plaintiff and Plaintiff is required to provide this information to Defendant. *Essex Builders Group*, 230 F.R.D. at 685. If such is the case, please respond to this request by August 7, 2015.

IV.   **Expenses and Attorney's Fees**

Lastly, the Federal Rules of Civil Procedure provide that, if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Counsel for Plaintiff has attempted in good faith to obtain the discovery without court action. However, Defendant continues to make objections that are not substantially justified. Accordingly, the court should award the movant's fees incurred in this issue.

V.   **Conclusion**

Each of the discovery requests discussed above is relevant and likely to lead to the discovery of admissible evidence. Therefore, Plaintiff, MALIBU MEDIA, LLC should be compelled to provide more complete answers to Interrogatory Nos. 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, and 22.

WHEREFORE, Defendant, ROBERTO DARE, pleads that this Honorable Court GRANT Defendant's Motion to Compel, and GRANT Defendant its reasonable expenses including attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

## RULE 3.01(g) CERTIFICATE OF GOOD-FAITH CONFERENCE

I, the undersigned attorney, hereby certify that, pursuant to Rule 7.1(a)(3), I conferred with opposing counsel but that we could not agree upon a resolution to the issues raised herein.

*Attorney for Plaintiffs:*

/s/ Cynthia Conlin
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 17, 2015**, I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify electronically all parties.

*Attorney for Plaintiffs:*

**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519/Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
[X] CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
[ ] JENNIFER REED, ESQ.
Florida Bar No. 104986
Jennifer@cynthiaconlin.com
Secondary Email for Service:
Jeff@cynthiaconlin.com