# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

MALIBU MEDIA, LLC

    Plaintiff,

v.                                              Civil Action No. 0:14-cv-61957-JIC

ROBERT DARE,

    Defendant.
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S INTERROGATORIES**

**I.   INTRODUCTION**

On August 17, 2015, Defendant moved to compel responses to several interrogatories. Defendant's Motion to Compel ("Defendant's Motion") seeks information which: (a) is irrelevant to any claim or defense in the instant case; (b) unduly burdensome to produce; and (c) harassing. Defendant's motion fails to address any of Plaintiff's objections and instead, blankly, claims that all information and documents are relevant to his affirmative defenses. For these reasons, as explained more fully below, Defendant's Motion to Compel should be denied in its entirety.

**II.   PROCEDURAL HISTORY**

Defendant propounded 22 interrogatories. Plaintiff timely objected in good faith because many of the interrogatories are improper. On July 30th and 31st, Defendant sent Plaintiff discovery letters consisting of nearly 30 pages of demands. Plaintiff made every effort to diligently respond to Defendant, but given the volume of the requests, Plaintiff needed two weeks to completely address all of Defendant's improper requests. In the meantime, Plaintiff

produced as much information as it had available and requested its investigators expedite more information. Due to the size of the files requested, Plaintiff's investigators must mail several of Defendant's requests from Germany, requiring additional time.

Defendant apparently ignored Plaintiff's email producing responses to its requests and good faith objections to its interrogatories. *See* Exhibit A. Noteworthy, Defendant filed its Motion to Compel Plaintiff's interrogatories without consideration of any of the information Plaintiff provided to him the week before.

Plaintiff maintains that all of its initial objections to Defendant's interrogatories and request for production of documents were made in good faith and that the objections are reasonable and proper. However, in an attempt to reduce Plaintiff's and the Court's workload, Plaintiff agreed to produce as much information as it reasonably could, even though that information lacked relevance, was burdensome to produce, and was only intended to harass Plaintiff. The following objections remain.

### III.  LEGAL STANDARD

"The district court has broad discretion to compel or deny discovery." *Jackson v. Corr. Corp. of Am.*, 606 F. App'x 945, 950 (11th Cir. 2015). "The party must demonstrate to the court 'that the requested [information] either [does] not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Belair v. Target Corp.*, No. 2:12-CV-00119-UA-SPC, 2013 WL 308883, at *2 (M.D. Fla. Jan. 25, 2013). "[E]ven though the rules of discovery are to be given a liberal application, they are not a license to become foraging expeditions which require inordinate expense or amount to overly broad and far-reaching discovery requests." *Jones v. Colorcraft Corp., Augusta Div.*, 37 Fed. R. Serv. 2d 819 (S.D. Ga. 1983). ""Discovery should be tailored to

the issues involved in the particular case. Relevancy thus equates to whether the material sought will have a substantial effect on the case's outcome.  Relevancy also pertains to the matters being asked being relevant to the issues to be tried." *Id.* (internal citations omitted). "Discovery rules do not permit a party to go on a 'fishing expedition' for relevant information." *Belair v. Target Corp.*, No. 2:12-CV-00119-UA-SPC, 2013 WL 308883, at *2 (M.D. Fla. Jan. 25, 2013) (quoting *Linares v. Broward County Sheriff's Office,* 347 Fed. Appx. 424, 42 (11th Cir.2009)).

IV. **ARGUMENT**

    A. Defendant's Motion to Compel Should be Denied

        *1. Information Relating to Plaintiff's Settlements in Other Cases is Irrelevant, Confidential, and Propounded to Harass Plaintiff*

Plaintiff objects to Defendant's interrogatories requesting information pertaining to every individual that has ever been involved in the same 17 BitTorrent swarms as Defendant. Pursuant to Fed. R. Civ. P. 26, Defendant should not propound discovery "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *Id.*

> **Interrogatory No. 11 asked:**
> Please identify each and every user interacting, stating for each: (a) IP address; (b) user ID or other identifier; (c) legal name, address, and telephone number, if known; and (d) the dates and times of each said user interacting began and ended such activity.
> **Plaintiff responded:**
> Plaintiff does not have any information in its possession, custody, or control which is responsive to this request.
>
> **Interrogatory No. 22 asked:**
> Please identify each user interacting and any and all settlement(s) or recovery received from, and all judgments entered against, each and every such user listed.
> **Plaintiff responded**:
> Plaintiff does not possess a list of "each user interacting" and therefore cannot respond to this request.

3

Defendant propounded these requests in order to identify the "initial seeder" – ie. the person who initially infringed Plaintiff's file on the Internet. It is impossible for Plaintiff to produce information for every peer in a swarm because the information does not exist. Indeed, no one – including Plaintiff's investigators – have information relating to each and every user that ever participated in the same BitTorrent swarm. When IPP's system detects an infringing swarm, there are already hundreds or thousands of peers within the swarm. Further, peers are entering and leaving the swarm continuously. And, the only way to obtain the subscriber information of an infringer in the swarm is to subpoena the ISP. Providing Defendant with the IP addresses of other individuals in the swarm will not provide any useful information to Defendant because it is impossible for IPP or anyone to know how long the swarm existed. Without knowing how long the swarm existed, it is impossible to know how many others entered the swarm prior to the recorded infringing peers. This will in no way help identify the initial seeder. And, even if Defendant can locate the initial file sharer – Defendant's liability for infringement does not change.

The infringement data Plaintiff receives from IPP is enormous. Throughout the routine course of business, Plaintiff deletes infringement data, particularly if Plaintiff does not have counsel in the location of the infringing IP addresses. "Just as a party ordinarily has no duty to create documents, or to re-create or retrieve previously discarded ones … it should not have to go to the time and expense to resurrect or restore electronic information that was deleted in the ordinary course of business." COMPUTER-BASED DISCOVERY IN FEDERAL CIVIL LITIGATION, SF97 ALI-ABA 1079 , 1111.

Regardless of Plaintiff's objections, Defendant still demanded Plaintiff produce any information it has in its system relating to this request. In an effort to compromise, despite the lack of relevance, and that this information appeared to be propounded for purposes of

4

harassment, Plaintiff agreed to produce what it can – a file containing IP addresses it has in its database that also infringed the same BitTorrent swarms as Defendant, the date and time of when that occurred, and a list of judgments it has received in litigation.

Plaintiff continues to object to Defendant's request for subscriber information of other infringers from other cases and settlement amounts. Plaintiff objected to providing Defendant with settlement amounts of other infringers because Plaintiff's settlement agreements contain a standard confidentiality clause. Plaintiff would have to notify the infringer and allow them the opportunity to move for a protective order pursuant to Plaintiff's settlement agreements. And, often, Plaintiff is prohibited from releasing this information pursuant to Court order. *See e.g. Malibu Media, LLC v. Doe*, No. CIV. JKB-14-0238, 2014 WL 972175, at *2 (D. Md. Mar. 11, 2014) ("Unless otherwise ordered by the Court, Malibu, … may not disclose the Information received from the ISP to any person not directly involved as an attorney in representing Malibu in this copyright infringement action.")

Further, Plaintiff agreed to stipulate to the $750 minimum statutory damages pursuant 17 U.S.C. §504. Defendant argues Plaintiff's settlement amounts are relevant to a damages award against him. By agreeing to the minimum statutory damages, Plaintiff has mooted Defendant's request.

Further, discovery should be limited to only those issues related to the case at hand – not any potential ancillary litigation. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353, 98 S. Ct. 2380, 2390, 57 L. Ed. 2d 253 (1978) ("when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied.") Indeed, Plaintiff has been awarded attorney's fees in similar discovery disputes where a defendant sought information about infringing conduct that was not at issue in the original suit. *See Malibu Media, LLC v. Harrison*, No. 1:12-CV-01117-WTL, 2014

5

WL 5392097, at *2 (S.D. Ind. Oct. 23, 2014) objections overruled, No. 1:12-CV-1117-WTL-MJD, 2015 WL 540410 (S.D. Ind. Feb. 10, 2015) ("The Court specifically noted that the information Defendant sought involved conduct that was "not the same infringing conduct at issue in this lawsuit").

To require Plaintiff to review thousands of IP addresses and determine what information it can and cannot produce – and then either contact the infringer or seek relief from different courts throughout the country – is an undue burden which would result in an avalanche of unnecessary ancillary litigation. Defendant knows this and is using this request to harass Plaintiff and unnecessarily increase the costs of litigation.

### 2. *Information Pertaining to Whether Plaintiff Has Received Film Permits or Followed Condom Laws Is Irrelevant and Meant to Harass*

Plaintiff objects to Defendant's Interrogatories 16 and 17 because it seeks information that is not relevant to any matter in this litigation and is designed for purposes of harassment and to deter Plaintiff from enforcing its copyrights. Defendant seeks information regarding permits and adult content film laws in California in an attempt to show that Plaintiff may have committed minor violations while creating its copyrights. In doing so, Defendant requests information that is highly personal and sensitive to Plaintiff's business. This information does not impact, nor relate in any way, to whether Defendant committed copyright infringement. To the extent Defendant relies on his affirmative defenses – these affirmative defenses have no basis in law. Indeed, Eleventh Circuit precedent holds contrary to Defendant's request.

**Interrogatory No. 16 asked:**
For each and every work, please identify by address the filming location, the date(s) of filming, and whether a film permit was issued for filming, and if so, the agency issuing the permit.

**Plaintiff responded:**

6

Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff further objects on the basis that this request is set forth solely to harass Plaintiff.

**Interrogatory No. 17 asked:**
For each and every work, please specify whether, during filming, a condom or dental dam was used in every instance of oral sex and every instance of sexual penetration.

**Plaintiff responded:**
Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff objects on the basis that this request seeks confidential business information. Plaintiff further objects on the basis that this request is set forth solely to harass Plaintiff. Further, none of these answers would affect the copyright ability of the works.

Defendant claims this request is relevant based on his affirmative defense of "copyright misuse." "Unrecognized by the Eleventh Circuit as a defense, copyright misuse offers no basis for a claim for relief." *Lorador v. Vasquez*, No. 8:14-CV-433-T-23AEP, 2015 WL 300433, at *1 (M.D. Fla. Jan. 22, 2015).

> The defense does not apply, … where plaintiff's misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts affect the equitable relations between the parties with respect to the controversy. In addition, while the defense of misuse through violation of antitrust laws has been recognized by some courts, such a defense has generally been held not to exist.

*Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (emphasis added).

Defendant claims his requests are relevant to his "copyright misuse" defense but failed to provide any explanation as to "how" they are relevant. As set forth above, copyright misuse only applies when a plaintiff seeks to extend its copyright protection beyond the rights granted by the United States Copyright Act. And, it is generally not recognized in the Eleventh Circuit. Plaintiff has valid registrations from the United States Copyright Office for all of its works and its lawsuit falls squarely with 17 U.S.C. § 501 which allows for a registered copyright holder to

7

sue for infringement of one or more of the exclusive rights set forth in Section 106 of the Copyright Act.

Defendant argues that if it can show a minor violation such as a failure to receive a permit for a video, Plaintiff is somehow liable for copyright misuse. This argument has no basis in law. Indeed, to Plaintiff's knowledge no court has ever found that the location of filming or failure to secure a permit could possibly deprive a plaintiff of its ability to enforce its copyrights. In fact, Fifth Circuit precedent applied to the Eleventh Circuit holds the opposite. *See e.g. Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 865 (5th Cir. 1979) ("If, the plaintiffs' collection of information is otherwise entitled to protection, it does not cease to be so, even if it is information concerning illegal acts. The statistics of crime are property to the same extent as any other statistics, even if collected by a criminal who furnishes some of the data."); *Malibu Media, LLC v. Zumbo*, No. 2:13-CV-729-JES-DNF, 2014 WL 2742830, at *4 (M.D. Fla. June 17, 2014) ("Additionally, while no court has directly ruled on the copyrightability of child pornography, "the prevailing view is that even illegality is not a bar to copyrightability.") citing *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir.2012). Plaintiff has provided Defendant with this law yet Defendant still refuses to withdraw his request.

Defendant's theory is absurd on its face. By the same theory – anyone could infringe a Beatles album because the Beatles may have received noise violations while recording. This theory would turn copyright protection on its head, in clear violation of the purposes of the Copyright Act. Just as one would not assume a major motion picture or recording artist would be stripped of its copyright because of a minor violation during its creation, one would not assume an adult studio should be treated any differently. Defendant's Interrogatories 16 and 17 are designed solely for purposes of harassment and have no relevance to this action.

B. <u>This Court Should Award Plaintiff Its Attorney Fees and Should Not Impose Sanctions on Plaintiff</u>

For the reasons set forth herein, this Court should deny Defendant's Motion to Compel, and accordingly order Defendant to pay Plaintiff's attorneys' fees.

If a court denies a motion to compel, the court must order the moving party and/or its attorney to pay the expenses of the respondent, including attorney's fees, unless the motion was "substantially justified" or an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(B). According to the Advisory Committee Notes, "substantial justification" exists where there is a genuine dispute regarding the necessity of disclosure which warrants court involvement. Fed. R. Civ. P. 37 Advisory Committee Notes to 1970 amendment. Further, substantial justification is satisfied "if there is genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988) (internal citations omitted).

In this case, Defendant's motion is not substantially justified because there is no genuine dispute that the information sought was either: (a) irrelevant; (b) highly burdensome to produce; (c) designed to harass Plaintiff in bad faith. Many of the requests Defendant sought Plaintiff had already been providing or Plaintiff was in the process of providing them. Thus, Defendant's motion was not substantially justified and therefore Plaintiff should be awarded its reasonable attorneys' fees.

Conversely, if for whatever reason, this Court grants Defendant's Motion to Compel, this Court should refrain from imposing sanctions on Plaintiff, including ordering Plaintiff to pay Defendant's attorneys' fees. Under Rule 37, if a court grants a motion to compel, then it must order the non-movant to pay the movant's expenses, including attorneys' fees, unless: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery

without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (ii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

In this case, Plaintiff acted in good faith and with substantial justification because Plaintiff has more than a good faith basis for objecting.  Indeed, Plaintiff's objections should be sustained.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion to Compel.

Dated:  August 25, 2015

Respectfully submitted,

By:   /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
Emilie Kennedy (92808)
ekennedy@lebfirm.com
Lipscomb, Eisenberg & Baker, PL
2 South Biscayne Boulevard
Penthouse 3800
Miami, FL  33131
Telephone:  (786) 431-2228
Facsimile:  (786) 432-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2015, I electronically filed the foregoing document with the Clerk of the Court and all parties using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: /s/*M. Keith Lipscomb*
M. Keith Lipscomb