UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MALIBU MEDIA, LLC,   )
　)
　　Plaintiff,   )
v.   )   Civil Action No.
　)   0:14-cv-61957-JIC
ROBERT DARE,   )
　)
　　Defendant.   )
　)

**DEFENDANT'S MOTION FOR RECONSIDERATION [37]
AND EXTENSION OF TIME**

COMES NOW Defendant, ROBERT DARE, by and through his undersigned counsel, pursuant to Rules 60(b) and 6(b)(1), Federal Rules of Civil Procedure, and hereby moves this Honorable Court to reconsider its August 28, 2015, order (DE37) denying Defendant's motions to compel [DE 28, 29] and for additional time within which to file a reply pertaining to DE29. As good cause for granting the motion, Defendant submits:

I.　**Procedural History**

On August 17, 2015, Defendant filed a Motion to Compel [Plaintiff's Responses to his] Requests for Production of Documents [DE 28] and a Motion to Compel Interrogatory Answers [DE 29].

On August 18, 2015, this Court Ordered the parties to confer in a good-faith attempt to resolve the issues, and to file a Joint Status Report regarding same on or before Friday, August 21, 2015 [DE 31].

On August 20, 2015, counsel for the parties conferred in preparation for filing the joint status report.

On August 21, 2015, Defendant's filed, and this Court subsequently granted, an Agreed Motion for Enlargement of Time to File Joint Report [DE 32].

On August 24, 2015, Defendant filed, on behalf of both parties, the requested Joint Status Report.

On August 25, 2015, Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Compel Plaintiff's Interrogatories [DE35] and Memorandum in Opposition to Defendant's Motion to Compel Requests for Production of Documents [DE 36].

On August 28, 2015, this Court entered a paperless Order "Denying [28][29] Motions to Compel" [DE37].

## II. Legal Standard

"The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.' In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citations omitted).

Furthermore, Rule 6(b)(1), Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

## III. Analysis

Due to the need to correct clear error or prevent manifest injustice, Defendant asks this Court to reconsider its Order denying its Motions to Compel (DE37). This Court's reasons for its denial are "Joint Status Report [34] and lack of timely [31] Reply" (DE37).

A. **The Joint Status Report revealed multiple items still in dispute**

Although the parties were able to resolve some issues on their own, the Joint Status Report revealed that multiple issues remained in dispute, namely, Interrogatories 11, 22, 16, and 17 (DE34 at 2, § III) and Requests 5, 7, 9, 14, 15, 18, 19, 21, 25, 43 (DE34 at 3-4, § V). Therefore, in light of the Joint Status Report, these issues are ripe for judicial determination.

B. **Defendant's Replies were not Untimely**

Rule 6(d), Federal Rules of Civil Procedure, provides that, "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Accordingly, because Plaintiff filed its Responses on August 25, 2015, and served same on Defendant's attorney via email, 3 days should be added to the period in which Defendant's reply memorandum is due. With the three days added, Defendant's Reply would not be due until September 1, 2015. This date is reasonable considering that Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Interrogatories (Doc. 35) is eleven pages long and Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Requests for Production of Documents (Doc. 36) is 20 pages long.

Finally, *arguendo*, even if this Court should disagree that Rule 6(d) applies in this situation, it should still allow for a finding of reasonable neglect, in the interpretation that Rule 6(d) should apply, and allow Defendant to file a reply on or before September 1, 2015.

C. **Even if it does not consider a Reply, the Court should still Rule on the issues**

Next, to prevent manifest injustice, this Court's Order (DE37) should be withdrawn.

Read in combination with Local Rule 7.1(c), it appears that a reply memorandum is optional, rather than mandatory; therefore, the lack of same would not warrant a denial of a

motion. Rule 7.1(c) provides that a "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law."

Therefore, a reply is only allowed if Plaintiff raised new law or issues of fact not already addressed in Defendant's motions to compel or in the Joint Status Report.  Where the Plaintiff's response deals with legal and factual issues already addressed in Defendant's motions to compel and the Joint Status Report, pursuant to Rule 7.1(c), Defendant cannot file a reply.  Accordingly, the Court should be able to rule based on the motion and response, and joint status report, alone, without the benefit of replies.

However, because of the reasonable misunderstanding on the due date being September 1, 2015, and, based on Defendant's excusable neglect, Defendant asks this Court to withdraw its Order denying Defendant's Motion to Compel Plaintiff's Interrogatory Responses and Requests for Production of Documents and allow him to file a Reply to the issues raised in Plaintiff's responses.

### D. <u>Manifest Justice would Result if this Court maintains its order</u>

Finally, Defendant has requested multiple items from Plaintiff in discovery that Plaintiff has not produced to Defendant's satisfaction.  Defendant will be severely prejudiced at trial should Defendant be unable to receive the discovery requested. *E.g., Quinn v. Island Fitness, Inc.*, 807-CV-1717-T-23EAJ, 2009 WL 464978, at *2 (M.D. Fla. 2009) (defendant would be prejudiced at trial where plaintiff failed to provide discovery responses).  As stated above, the Joint Status Report revealed that multiple issues remain in dispute, namely, Interrogatories 11, 22, 16, and 17 (DE34 at 2, § III) and Requests 5, 7, 9, 14, 15, 18, 19, 21, 25, 43 (DE34 at 3-4, § V).  Without this discovery, Defendant will have difficulties adequately proving his affirmative

defenses or disproving Plaintiff's allegations.  Plaintiff has failed to provide basic documents to demonstrate that its research was even valid, including agreements entered into between Plaintiff and its fact investigators, IPP International UG or Excipio GmbH, and documents establishing IPP International UG's qualifications to perform investigations.  Nor has Plaintiff provided any documents necessary to establish Defendant's affirmative defense of the "one satisfaction rule," including documents evidencing recovery received from any other users downloading the same alleged works.  This discovery, and more, is crucial to a viable defense, and failure to receive same will result in severe prejudice to Defendant.  Therefore, fairness and justice demand a determination on the issues.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order granting this motion and:

(1)   Vacating its Order Denying Defendant's Motions to Compel (Doc. 37);

(2)   Allowing Defendant until September 1, 2015, within which to file a Reply to Plaintiff's responses to Defendant's motions to compel; and

(3)   Entering any other relief as is just and proper.

### RULE 3.01(g) CERTIFICATE OF GOOD-FAITH CONFERENCE

I, the undersigned attorney, hereby certify that, pursuant to Rule 7.1(a)(3), I conferred with opposing counsel, via telephone on August 31, 2015, but we could not agree upon a resolution to the issues raised herein.

*Attorney for Plaintiffs:*

/s/ Cynthia Conlin
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 31, 2015**, I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify electronically all parties.

*Attorney for Plaintiffs:*
**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519/Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
[X] CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
[ ] JENNIFER REED, ESQ.
Florida Bar No. 104986
Jennifer@cynthiaconlin.com
Secondary Email for Service:
Jeff@cynthiaconlin.com