UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. |
| ) | 0:14-cv-61957-JIC |
| ROBERT DARE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S INTERROGATORIES**

COMES NOW Defendant, ROBERT DARE, by and through his undersigned counsel, pursuant to this Court's Orders [DE 31, 40], and files this reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Plaintiff's Interrogatories.

**I.   Legal Standard**

Motions to compel discovery are committed to the sound discretion of the court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)). "The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party." *Id.* (citing *Hastings v. N.E. Independent School District,* 615 F.2d 628, 631 (5th Cir.1980)).

**II.   Analysis**

The discovery requests that remain at issue pursuant to the Joint Status Report are Defendant's Interrogatory Nos. 11, 16, 17, and 22.

### A.     Interrogatory Nos. 11 and 22

Interrogatory No. 11 asked Plaintiff to "identify each and every user interacting, stating for each: (a) IP address; (b) user ID or other identifier; (c) legal name, address, and telephone number, if known; and (d) the dates and times of each said user interacting began and ended such activity." No. 12 asked Plaintiff to "identify each user interacting and any and all settlement(s) or recovery received from, and all judgments entered against, each and every such user listed."

As to No. 11, Plaintiff responded that it "does not have any information in its possession, custody, or control which is responsive to this request." As to No. 22, Plaintiff responded that it not possess a list of "each user interacting" and therefore cannot respond to this request.

To begin, Plaintiff has already agreed to provide the IP addresses and dates and time of each user "interacting," any judgment amount received from each, and the case numbers for each user "interacting." (DE 34, at 2 § III).  The fact that Defendant had to move to compel such responses, and remind Plaintiff that Plaintiff *did in fact have* this information, shows bad faith on Plaintiff's part in responding, "Plaintiff does not have any information in its possession, custody or control which is responsive to this request." Furthermore, Plaintiff's response that it may have deleted information is potential grounds for a finding of spoliation.

Next, Plaintiff failed to make any objections in response to these interrogatories.[1] "[W]hen a party fails to timely object to interrogatories, production requests, or other

---

[1] Plaintiff's response, served July 13, 2015, is attached hereto as Exhibit "1" for the convenience of the Court.

discovery efforts, the objections are deemed waived." *Romacorp, Inc. v. Prescient, Inc.*, 10-22872-CIV, 2011 WL 2312563, at *2 (S.D. Fla. 2011). Therefore, Plaintiff's late objections involving undue burden, harassment, mootness, and irrelevance all have been waived and should not be addressed by the court.

Nevertheless, in an act of good faith, and considering the confidentiality of Plaintiff's settlement agreements with defendants in other actions, Defendant asked Plaintiff to initially just respond with whether a settlement had actually been entered into between Plaintiff and the users "interacting," without waiving Defendant's right to subsequently seek more information.

Contrary to Plaintiff's assertion that this interrogatory seeks the identity of the "initial seeder," this request is relevant and likely to lead to the discovery of admissible evidence as it goes to Defendant's fifteenth affirmative defense, the one satisfaction rule, as to whether there can be duplicative recovery from joint copyright infringers. "The one-satisfaction rule to federal claims . . . does indeed apply to infringement actions under the Copyright Act." *BUC Intern. Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278 (11th Cir. 2008). If several users interacting had to join forces to download Plaintiff's motion pictures, as each user interacting only uploads a small portion of the entire work to others, then any settlement received from those users "interacting" could reduce the amount a damages in this case. Furthermore, Defendant argues that the 17 alleged downloads are part of a compilation, allowing for only a single award by Plaintiff, as opposed to an award for each separate film. It is unlikely that Plaintiff is willing to stipulate to a one-time $750 damage award. Therefore, Interrogatory Nos. 11 and 22 are relevant and likely to lead to the discovery of

admissible evidence and have been reasonably tailored to not cause undue burden or harassment on Plaintiff. Accordingly, especially considering that Plaintiff did not raise its relevancy objection in a timely manner and therefore waived that objection, Plaintiff should be compelled to produce same.

### B.  Interrogatory Nos. 16 and 17

Interrogatory No. 16 asked:

> For each and every work, please identify by address the filming location, the date(s) of filming, and whether a film permit was issued for filming, and if so, the agency issuing the permit.

Plaintiff responded:

> Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff further objects on the basis that this request is set forth solely to harass Plaintiff.

Interrogatory No. 17 asked:

> For each and every work, please specify whether, during filming, a condom or dental dam was used in every instance of oral sex and every instance of sexual penetration.

Plaintiff responded:

> Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff objects on the basis that this request seeks confidential business information. Plaintiff further objects on the basis that this request is set forth solely to harass Plaintiff. Further, none of these answers would affect the copyright ability of the works.

To begin, Plaintiff violated Local Rule 26.1 G 3(a) which provides 'Where an objection is made to any interrogatory or sub- part thereof or to any document request under Fed.R.Civ.P. 34, the objection shall state with specificity all grounds.'" *Guzman v. Irmadan,*

*Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008). Plaintiff provided boilerplate objections, without providing any specificity, in direct contravention of the Southern District of Florida Local Rules. For this reason, Defendant requests this court to find that Plaintiff has waived all objections raised in its response to the motion to compel.

Even if Plaintiff had not waived these objections, however, these interrogatories should still be found relevant to Defendant's seventh affirmative defense: misuse of copyright, as to whether Plaintiff complied with applicable law in the production of its pornography. Contrary to Plaintiff's misleading statement that copyright misuse is "unrecognized" by the Eleventh Circuit, "[t]he Eleventh Circuit has neither applied, nor definitively rejected the copyright misuse doctrine." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002) (citing *Bellsouth Advertising & Publishing Corp. v. Donnelley Info. Publishing, Inc.,* 933 F.2d 952 (11th Cir.1991), *vacated*, 977 F.2d 1435 (11th Cir.1992) (acknowledging that the doctrine might some day be available in copyright cases).

> The copyright misuse defense aims to prevent abuse of the public policy embodied by the Copyright Act—namely, to "promote the Progress of Science and useful Arts." Although violations of antitrust law or other anti-competitive behavior has been found to be an example of copyright misuse, the defense "is viable outside of anti-trust violations." Indeed, the defense applies when "the copyright is being used in a manner violative of the public policy embodied in the grant of a copyright."

*Malibu Media, LLC v. Guastaferro*, Case No. 1:14-cv-1544, 2015 WL 4603065 (E.D. Va. July 28, 2015) (internal citations omitted). Copyrighting content that was illegally created would not promote the public policy embodied by the Copyright Act. Plaintiff cites to an

unpublished opinion for the proposition that even child pornography would be copyrightable. *Malibu Media, LLC v. Zumbo*, No. 2:13-CV-729-JES-DNF, 2014 WL 2742830, at *4 (M.D. Fla. June 17, 2014).   However, an unpublished opinion has no binding effect. CTA11 Rule 36-2.  Furthermore, this opinion does not affirmatively state that child pornography would in fact be copyrightable. Moreover, regardless of what might become an outcome on, say, summary judgment — which Plaintiff has not sought — the affirmative defense remains pending; so long as it is a pending affirmative defense, Rule 26(b)(1) allows Defendant is allowed to discover information to prove it.

Additionally, as this affirmative defense is an extension of the equitable doctrine of unclean hands, *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002), the principles of unclean hands are pertinent herein as well.  "The point [of the unclean hands doctrine] is . . . that a court will not adjudicate a case if a judgment for the plaintiff would encourage or reward criminal or other unlawful activity." *Schlueter v. Latek*, 683 F.3d 350, 355 (7th Cir. 2012).  Responses to these interrogatories could determine whether Plaintiff engaged in unlawful activity during the production of its works.

Furthermore, this information could be pertinent in the Court's discretionary award of statutory damages.  If the copyrighted work was illegally created, the court may be less inclined to award higher statutory damages.   As it is unlikely that Plaintiff will stipulate that the 17 allegedly downloaded videos are part of a compilation, potentially allowing for only a single statutory award, as opposed to one for each separate film, Plaintiff's stipulation to a $750 damage award per work is irrelevant to this request as well.

**III.     Expenses and Attorney's Fees**

Lastly, the Federal Rules of Civil Procedure provide that, if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).   Counsel for Defendant attempted in good faith to obtain the discovery without court action.   However, Plaintiff continued to make objections that are not substantially justified.   Accordingly, the court should award the movant's fees incurred in this issue and deny Plaintiff's request for attorneys fees as not substantially justified.

**IV.     Conclusion**

Each of the discovery requests discussed above is relevant and likely to lead to the discovery of admissible evidence and has been narrowly tailored to not cause undue burden or expense. Therefore, Plaintiff, MALIBU MEDIA, LLC should be compelled to provide more complete answers to Interrogatory Nos. 11, 16, 17, and 22.

WHEREFORE, Defendant, ROBERTO DARE, pleads that this Honorable Court GRANT Defendant's Motion to Compel, and GRANT Defendant its reasonable expenses including attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

## CERTIFICATE OF SERVICE

I hereby certify that on **September 1, 2015**, I filed electronically the foregoing with the Clerk of the Court via CM/ECF system, which will notify electronically all parties.

*Attorney for Plaintiffs:*

**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519/Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
[X] CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
[ ] JENNIFER REED, ESQ.
Florida Bar No. 104986
Jennifer@cynthiaconlin.com
Secondary Email for Service:
Jeff@cynthiaconlin.com