## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

MALIBU MEDIA, LLC,                                **CASE NO. 0:14-cv-61957**

                    Plaintiff,

v.

ROBERT DARE,

                    Defendant.

## PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S EXPERT WITNESS OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF THE EXPERT DISCOVERY PERIOD

Plaintiff, Malibu Media, LLC ("Plaintiff"), moves for the entry of an order excluding Defendant's use of and reliance on Defendant's putative expert, Tom Parker ("Mr. Parker"). In the alternative, Plaintiff respectfully requests a ninety (90) day enlargement of expert discovery.

### I.    FACTS

The expert discovery period closes on September 18, 2015.  *See* CM/ECF 25.  On September 11, 2015, Defendant disclosed Mr. Parker and served Mr. Parker's report.  This left Plaintiff with only seven days until the expert discovery cut-off.  And, of those seven days, two were weekend days (Saturday, September 12 and Sunday, September 13) and two were Jewish holidays (Rosh Hashanah on Monday, September 14 and Tuesday, September 15).

### II.    ARGUMENT

Defendant's eleventh hour disclosure of Mr. Parker leaves Plaintiff with an insufficient amount of time to depose Mr. Parker and complete expert discovery.  This is unfair because "expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise."  *Cooper v. So. Co.*, 390 F.3d 695, 728 (11th Cir. 2004),

*reversed on other grounds*; *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (same); *Acosta v. Electrolux N. Am.*, No. 08-60213, 2008 WL 5246160, *5 (S.D. Fla. Dec. 16, 2008) (same).  Significantly, "[a]ny party who desires to use the testimony of an expert witness shall designate the expert *sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert* and, if desired, to name its own [rebuttal] expert *sufficiently in advance of the close of discovery*…."  *Vision Airlines, Inc. v. SST Air, LLC*, 2013 WL 6908935, *2 (N.D. Ga. Feb. 27, 2013).

Under these facts, Plaintiff respectfully suggests that the law requires the Court to either exclude Mr. Parker or otherwise extend the expert discovery period.

### A.  Mr. Parker Should Be Excluded

As for exclusion, the Court's Rules provide that since a discovery deadline denotes the time by which all discovery must be completed, *all* discovery, including expert witness disclosures and reports, "must be served *well in advance* of the discovery cutoff."  *Poe v. Carnival Corp.*, No. 06-20139, 2007 WL 211118, *1 (S.D. Fla. Jan. 23, 2007); S.D. Fla. L.R. 26.1(f) ("Discovery must be completed in accordance with the court-ordered discovery cutoff date.  [It] must be served in sufficient time that the response is due on or before the discovery cutoff date.  *Depositions, including any non-party depositions, must be [able to be] scheduled to occur on or before the discovery cutoff date.*").  Discovery requests or disclosures that do not allow sufficient time to respond before the discovery cutoff date are not timely.  *See AB Diversified Enters., Inc. v. Global Transport Logistics, Inc.*, No. 06-21308, 2007 WL 1362632, *1 (S.D. Fla. May 7, 2007) ("Under the Court's Rules, all discovery must be served ***well in advance*** of the discovery cutoff in order to allow all responding parties to do so by that date.  Accordingly, *to be timely*, [discovery must be] served well in advance of the … discovery

cutoff.").

Since Defendant did not disclose Mr. Parker well enough in advance of the discovery cutoff to allow the parties to timely complete expert discovery, Defendant may only rely on Mr. Parker if Defendant provides substantial justification for the eleventh hour disclosure or otherwise demonstrates that the last minute disclosure was harmless.  *See* Fed. R. Civ. P. 37(c)(1); *OFS Fitel, LLC v. Epstein, Becker & Green*, 549 F.3d 1344, 1363 (11th Cir. 2008). Here, Defendant has not provided any justification, much less substantial justification, for the eleventh hour disclosure.  And since disclosure of Mr. Parker only days before the discovery cutoff unfairly deprives Plaintiff the opportunity to adequately depose Mr. Parker and prepare a rebuttal, the late disclosure is harmful and causes Plaintiff prejudice.  *See, e.g.*, *Vision Airlines,* 2013 WL 6908935 at *5 ("[A] party's inability to adequately prepare its case by deposing [an] expert witness during the discovery period is a *recognized harm*.").

Under the circumstances, Mr. Parker should be excluded.  *See, e.g.*, *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322, 2013 WL 8695361, *7 (S.D. Fla. April 4, 2013) ("Plaintiff's failure to timely provide expert reports … regarding Drs. Valiente and Gebauer results in unfair prejudice to Defendant, at least to the extent that he intended to elicit expert testimony from these doctors.  In this regard, we are constrained to exclude the Drs. Valiente and Gebauer from testifying at trial as expert witnesses"); *Vision Airlines,* 2013 WL 6908935 at *5 ("[As] defendant has been prejudiced [by plaintiff's late disclosure], plaintiff cannot use [its expert]'s testimony in this case"); *Cook v. Royal Caribbean Cruises, Ltd.*, No. 11-20723, 2012 WL 2319089, *3 (S.D. Fla. June 15, 2012) (excluding an expert who was not disclosed early enough for the opposing party to be able to prepare a rebuttal, reasoning that inclusion of such an expert would be "unduly prejudic[ial]"); *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions,*

*LLC*, 845 F. Supp.2d 1241, 1251 (M.D. Fla. 2012) (excluding expert report that was provided on the final day of discovery because the timing of the disclosure made it so that the other party was "not able to offer their own rebuttal prior to the close of discovery" and was therefore deprived "the time needed to fully comprehend the expert's opinions and satisfactorily prepare an effective [deposition] of the expert."); *Hewitt*, 268 F.R.D. at 684 ("Plaintiffs' delay in designating Mr. Thompson as their expert leaves Liberty Mutual without the chance to depose this expert witness. … Plaintiffs will not be allowed to rely on those opinions or any expert testimony of Thompson for any purpose in this case"); *Gainor v. Douglas Cnty.*, 59 F. Supp.2d 1259, 1296–97 (N.D. Ga. 1998) (excluding expert as untimely where expert report was not filed until one month and three days before the close of discovery). *Cf. Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1412–13 (11th Cir. 2011) (affirming exclusion of expert opinion whose report was not disclosed in advance of expert's deposition).

### B.  The Court May Alternatively Extend Expert Discovery

In light of Defendant's last minute disclosure of Mr. Parker, expert discovery cannot be timely completed in this case without an extension of the expert discovery deadline.  As an alternative to Mr. Parker's exclusion, Defendant may therefore demonstrate "good cause" and ask the Court to extend the expert discovery deadline rather than exclude Mr. Parker.  *See* Fed. R. Civ. P. 16(b)(4); *Jones*, 2013 WL 8695361 at *5.  As the record stands, Defendant has not demonstrated "good cause" for Mr. Parker's belated disclosure and, therefore, excluding Mr. Parker appears to be required.

If Defendant establishes "good cause," expert discovery should be extended.  To wit: Plaintiff currently has pending a motion to extend expert discovery on the basis that Defendant's ongoing failure to provide Plaintiff with access to the instrumentalities of his infringement (*i.e.*,

his hard drives), precludes Plaintiff's ability to comprehensively complete its expert report.[1]  *See*
CM/ECF 49 (further discussing Plaintiff's need and heretofore inability to obtain Defendant's
unproduced computer evidence).  Plaintiff clearly has good cause to extend expert discovery for
this limited purpose.  Should the Court elect to extend expert discovery generally, Plaintiff
proposes that a ninety (90) day extension of time would be appropriate and sufficient to enable it
to obtain and examine Defendant's unproduced hard drives and to depose and rebut Mr. Parker's
recently-disclosed opinions.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests entry of an order striking
Defendant's Expert witness disclosure and excluding Defendant's use of and reliance on Mr.
Parker.  If Defendant establishes "good cause" to generally extend the expert discovery period,
Plaintiff requests a ninety (90) day extension.

**CERTIFICATE OF GOOD FAITH CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), undersigned conferred with Defendant's Attorney in a
good faith effort to resolve the issues raised in this Motion.  Defendant's Attorney advised that
she has **no objection** to an enlargement of the expert discovery period, although she believes that
a ninety (90) day extension is too long.  Defendant's Attorney **opposes** exclusion of Defendant's
Expert.

By: */s/ Daniel C. Shatz*

---

[1] Plaintiff diligently and timely served Defendant with its expert report in current form, without incorporation or analysis of the not yet performed computer hard drive examinations.

Respectfully submitted,
LIPSCOMB EISENBERG & BAKER, PL

By: */s/ M. Keith Lipscomb*
**M. Keith Lipscomb, Esq.**
Florida Bar No. 429554
klipscomb@lebfirm.com
**Daniel C. Shatz, Esq.**
Florida Bar No. 94696
dshatz@lebfirm.com
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: */s/ Daniel C. Shatz*