UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

------------------------------------------------------------X

MALIBU MEDIA, LLC,

                  Plaintiff,

vs.

ROBERT DARE,

                  Defendant.

Civil No. 0:14-cv-61957

------------------------------------------------------------X

## PROTECTIVE ORDER

1. In connection with the discovery proceedings in this action the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential," "Confidential - Attorney's Eyes Only" or "Confidential – Outside Attorney's Eyes Only" under the terms of this Protective Order (hereinafter "Order"). Confidential information shall include without limitation customer lists, and such other documents deemed by counsel for either party to be confidential and which consists of information which has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, type and volume of sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2. Confidential documents shall be designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY'S EYES ONLY" OR "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY." Any claim of confidentiality shall be made at the time the document or copy thereof is actually produced, but is not required to be made at the time a document is made available for inspection. If, at the time of disclosure, a disclosing party inadvertently fails to mark as confidential a document which it considers to contain confidential information, the disclosing party may, with respect to documents produced give written notice to the receiving party of the confidential nature of the document, the receiving party shall treat the document as confidential from the date of notice onward. A claim of confidentiality must be made in good faith.

3. Documents designated as "CONFIDENTIAL" may only be viewed by the parties, the parties' attorneys and qualified persons (defined below). Documents designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be viewed by the parties' attorneys, including a party's in-house counsel, and qualified persons. CONFIDENTIAL – ATTORNEY'S EYES ONLY documents may not be disclosed to any person who is employed by the recipient party that is not providing in-house legal services to the recipient party related to the instant litigation. Documents designated as "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY" may be viewed only by outside counsel and qualified persons. CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY shall not be disclosed to either the parties or to the parties' inside counsel.

4. Testimony taken at a deposition or conference may be designated as confidential by making a statement to the effect on the record at the deposition or other proceeding.

Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5.   Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of actions between or among the parties, and entities related to, owned by, or otherwise controlled by the parties, or as may be otherwise ordered by the Court.

6.   Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) employees of attorney services or professional copy services retained by a counsel of one of the parties;

(d) court reporter(s) employed in this action; and

(e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" defined in (a), (b) and (e) above shall be provided with a copy of this Order and shall execute and be bound by this Order

3

by signing the agreement attached hereto as Exhibit A, an original of which shall be maintained by counsel receiving the Confidential Material. Counsel receiving the Confidential Material must produce the signed agreement attached hereto as Exhibit A to all other parties prior to disclosing any confidential material to any qualified person.

7.  Absent court order, depositions may be taken in the presence of any person, but any party may request that a non-qualified person leave the room for responses containing Confidential information.

8.  Notwithstanding the designation as confidential of any Confidential Material, said Confidential Material shall not, in fact, be confidential nor shall disclosure be limited in accordance with this Order, if the content and/or substance thereof:

   (a) is, at the time of disclosure, in the public domain by publication or otherwise;

   (b) becomes at any time, through no act or failure to act on the part of the recipient party, part of the public domain by publication or otherwise;

   (c) is already in the possession of a party at the time of disclosure by the other party and was not acquired directly or indirectly from the disclosing party; or

   (d) is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

9.  If any documents, information, or testimony are claimed to be confidential by the disclosing party, but are not believed to be confidential by the discovering party, the receiving party shall notify the disclosing party in writing and request a release of confidentiality. If such release is not forthcoming in writing within five (5) business days, the receiving party may apply to the Court for an order requiring the release of confidentiality.

10. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, or (iii) to present a motion to file documents or information under seal on showing of sufficient cause. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. In any motion brought to release material from the restrictions of this Order, the initial designation of documents as being "Confidential Material" shall not raise any presumption that such material is, in fact, confidential.

11. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

12. Nothing herein shall prohibit a party, or its counsel, from disclosing a document designated Confidential Material to a person identified as an author or recipient of such document.

13. Should any document (or information contained therein) designated as Confidential Material be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the disclosing party shall use its best efforts to bind such

person to the terms of this Order; and the disclosing party shall (i) promptly inform such person of all the provisions of this Order; (ii) identify such person immediately to the party or third party who designated the document as confidential; and (iii) request such person to sign the agreement in the form attached hereto as Exhibit A. The executed agreement shall promptly be served upon the party or third party designating the document as Confidential Material.

14. The inadvertent or unintentional disclosure of Confidential Material information by any party or non-party, either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter, provided that any such inadvertently or unintentionally disclosed information is designated as Confidential Material as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure.

15. A receiving party shall be under no obligation to object to the designation of any document at the time the designation is made, or at any other time, and a party shall not, by failing to object, be held to have acquiesced or agreed to the designation or be barred from objecting to the designation at any time.

16. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed.

SO ORDERED this 7th day of October 2015.

*[signature]*
Barry S. Seltzer
United States Magistrate Judge

6

## EXHIBIT A

I, _____, residing at _____,

have read the foregoing Protective Order and agree to be bound the terms thereof, and I further

stipulate and agree that the United States District Court for the Southern District of Florida shall

have personal jurisdiction over me for purposes of enforcing the terms of the Protective Order.

By: _____
Printed: _____
Date: _____

7