UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MALIBU MEDIA, LLC,

        Plaintiff,

v.

ROBERT DARE,

        Defendant.

CASE NO. 0:14-cv-61957

### PLAINTIFF'S *LIMITED*[1] MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF NEWLY DISCLOSED COMPTUER

**I.  INTRODUCTION**

On October 14, 2015, Plaintiff, Malibu Media, LLC ("Plaintiff"), moved to compel Defendant Robert Dare's ("Defendant") production of his heretofore suppressed and undisclosed personal laptop computer and requested a sixty (60) day extension of the discovery period to enable Plaintiff to (1) examine the personal laptop computer; (2) file an expert report that replies to Defendant's putative expert's report; and (3) depose Comcast, Defendant's internet service provider. *See* CM/ECF 69. Your Honor denied this Motion in its entirety, finding that Plaintiff had not established good cause for its requested extension. *See* CM/ECF 71.

Plaintiff respectfully submits Your Honor did not fully appreciate the applicable facts surrounding the belated disclosure of Defendant's personal laptop computer. Indeed, the reason Your Honor declined to compel production of Defendant's newly-disclosed laptop was because "[t]he attached discovery materials indicate that Defendant objected to the breadth of Plaintiff's

---

[1] Plaintiff's Motion to Compel also incorporated a request to extend discovery for the purpose of deposing Comcast and serving a reply Expert report. This Court denied those requests and Plaintiff does not believe there are grounds for reconsideration.

1

discovery requests and the record shows that Plaintiff did not move to compel. Plaintiff has not shown that Defendant lied about the existence of the 'newly disclosed computer' referenced in the motion." CM/ECF 71. As further explained herein, however, Plaintiff and Defendant resolved Defendant's overbreadth objection and production of his personal laptop was <u>not</u> withheld pursuant thereto. Rather, Defendant simply suppressed this evidence. Plaintiff's Counsel apologizes that this was not clear.[2]

Since the only rationale Your Honor provided for denying Plaintiff's Motion to Compel production of Defendant's newly-disclosed laptop was mooted by the parties, Plaintiff files this limited Motion for Reconsideration and respectfully asks the Court to (1) compel Defendant to immediately produce his recently-disclosed laptop for forensic imaging and (2) grant Plaintiff twenty-five (25) days from receipt of the computer to examine it for relevant evidence and to supplement its expert report to the extent necessary to account for any suppressed evidence.[3] The trial date should not need to be moved.

## II. FACTS

1. ***Plaintiff Requests Production.*** On or about May 12, 2015, Plaintiff propounded upon Defendant its First Request for Production of Documents. Pertinent to this Motion, Plaintiff requested the following [CM/ECF 69-1]:

> **Request No 1**: All documents and files obtained as a result of a search of all of the hard drives in Defendant's possession, custody, or control for the following information in electronic format:

---

[2] Since Defendant advised Plaintiff that he would not rely on his initially-asserted overbreadth objections to withhold production, Plaintiff knew that Defendant could not rely on those objections in opposing Plaintiff's Motion to Compel and Extend Discovery. And, since Plaintiff was faced with a tight discovery deadline, Plaintiff forewent discussing the factual circumstances surrounding the parties' discovery dispute in more detail. Plaintiff believed that if those issues became relevant, Plaintiff would have the opportunity to address them in a Reply brief. Plaintiff did not anticipate that its Motion to Compel and Extend Discovery might be decided without an Opposition and before being fully briefed, and Plaintiff sincerely apologizes for not thoroughly clarifying the facts initially.

[3] Plaintiff will expedite its review of Defendant's laptop and will make completing discovery in this case a first priority.

2

      a. Plaintiff's Works:
          (1) the title, and any variation thereof, of Plaintiff's Works identified on Exhibit B to Plaintiff's Amended Complaint in this case;
          (2) the term "X-Art" or any variation thereof; and
          (3) the term "Malibu Media" or any variation thereof.
      b. BitTorrent or Peer-to-Peer File Sharing:
          (1) the term "torrent";
          (2) any BitTorrent Clients or Peer-to-Peer file sharing software;
          (3) torrent clients;
          (4) torrent trackers
          (5) torrent bookmarks
          (6) torrent files
          (7) torrent file fragments;
          (8) torrent related web history
          (9) any program files obtained or correlating to any such torrent files including but not limited to any movies, ebooks, computer programs, music, software, or other files obtained via the BitTorrent protocol.

2. ***Defendant Objects.*** On or about June 19, 2015, Defendant served his Responses and Objections, objecting to Plaintiff's first production request on overbreadth grounds [CM/ECF 69-1]:

> **Response to Request No 1**: Defendant respectfully objects to the overbreadth of this request in that it requests documents obtained from "all of the hard drives in Defendant's possession, custody, or control" and does not limit itself to documents on hard drives used by Defendant in his home within the alleged download period (with said download period being alleged in the amended complaint as from March through June 2014). If Defendant did not use a particular hard drive during that period, a search on it would not be relevant. Therefore, Defendant is limiting his response to documents obtained from the hard drives used by him within the alleged download period (March through June 2014).
>
> Defendant next objects to the overbreadth of subsection (a)(1), especially in that it asks Defendant to search for not only the title of the works but also "any variation thereof." Plaintiff's "works" are not simply one or two files; they are, as a matter of fact, seventeen individually titled films. Some of the works also contain very common words or phrases, and the resulting search would result in documents that are wholly unrelated to the litigation. For example, work titles include, without limitation, "best way"; "group"; "three's company"; "sleepover"; "girls"; "it is a fine line"; and "go fish." These are ridiculously common phrases, and a search for these words will undoubtedly contain many documents that have absolutely nothing to do with the litigation. Accordingly, Defendant will perform the search but reserves the right to produce only documents that are relevant to the subject matter of the lawsuit.

3

> Defendant next objects to the overbreadth of subsection (a)(2-3), especially in that it asks Defendant to search for "any variation thereof" of "X-Art" or "Malibu Media." Because Plaintiff has failed to reasonably particularize exactly what terms are inclusive within "any variation thereof," Defendant does not know what to search for, and as such, cannot search for "any variation thereof." As this request is written, the use of "any variation thereof" is objectionably broad.

3.  On or about July 10, 2015, Defendant served his Supplemental Response to Plaintiff's First Production Request, advising that "[s]ubject to and without waiving [his] objections, Defendant will produce relevant documents responsive … and will invoice Plaintiff for any costs of the computer search." *See* **Exhibit 1** attached hereto. Read in conjunction with Defendant's interrogatory responses—which disclosed a MacBook that Defendant had borrowed from and returned to his former employer—Defendant agreed to coordinate with his former employer to obtain access to the MacBook to perform Plaintiff's requested document search.

4.  ***The Parties Resolve Defendant's Overbreadth Objection and Defendant Advises that He Will Not Withhold Discovery on that Mooted Basis.*** Plaintiff believed Defendant's overbreadth objections were improper and was uncertain whether Defendant was purporting to withhold discovery on this basis.[4] To resolve these issues and work out Defendant's objections, Plaintiff sent Defendant a letter in advance of a Rule 37 good faith conference on August 31. 2015. The letter, which is attached hereto as **Exhibit "2,"** stated:

---

[4] Courts disapprove of a litigant's ability to object to a production request on grounds of overbeadth and relevance and to nevertheless produce some handpicked discovery, the objection notwithstanding. This tactic, courts have explained, "is not the way the process of discovery is designed to work." *E.g.*, *Howard v. Sweetheart Cup Co.*, No. 00 C 648, 2001 WL 721765, *2–3 (N.D. Ill. June 27, 2001) ("[T]his type of answer hides the ball. It leaves the plaintiff wondering what documents are being produced and what documents are being withheld. Furthermore, it permits the defendant to be the sole arbiter of that decision. Such an objection is really no objection at all as it does not address why potentially responsive documents are being withheld. The defendant, having no incentive to err on the side of disclosure, has arrogated to itself the authority to decide the question of relevance which is unquestionably the decision of the judge. Asserting a relevance objection, then proceeding to agree to produce 'relevant, nonprivileged' documents 'subject to and without waiving' that objection, serves only to obscure potentially discoverable information and provides no mechanism for either plaintiffs or the Court to review defendant's decisions. … Sweetheart's counsel responds that a careful reading of their response and letter would have clued plaintiff's counsel into the fact that Sweetheart was not producing the entire personnel file. That is perhaps so; the statements of counsel about what they were disclosing were literally true. Counsel's statements were nonetheless misleading. If any attorney wants to withhold documents requested under the discovery rules, he must do so in a straightforward and forthright manner, not by artful phrasing that obscures more than it discloses.").

>As previously discussed, Plaintiff agreed to withdraw Request for Production No. 2 (seeking forensically sound images of Defendant's hard drives) on the basis that Defendant would provide documents responsive to Request No. 1. Defendant subsequently amended his response adding that Defendant would invoice Plaintiff for production.  Still Defendant has failed to produce a single document.  Further, Defendant's limitation to only search computers Defendant used during the period of recorded infringement is also improper. Indeed, if Defendant used other devices in connection with his computers, the other devices would of course be relevant. Additionally, if Defendant used his computer to transfer data onto a different device after the period of recorded infringement, both the computer and the device would be relevant. However, **Plaintiff is willing to limit this request to devices in Defendant's possession, custody, or control <u>in the last three years</u>. Plaintiff will also agree to limit its request to a search of: (1) the term "X-art"; (2) the term "torrent"; and (3) all the file names as listed in the MySQL log file which was produced to Defendant. Please advise when you intend on producing the foregoing documents. As always, Plaintiff is willing to bear the cost of hard drive imaging so that its expert can search for these files.**

Counsel for the parties conferred telephonically the following afternoon, September 1, 2015, to discuss, among other things, the above letter and Defendant's outstanding compliance with Production Request No. 1.  *See* Plaintiff's Counsel's Declaration, attached hereto as **Exhibit "3."**  Plaintiff's Counsel asked whether limiting the scope of Plaintiff's Production Request No. 1 as set forth in the August 31, 2015 letter would resolve Defendant's initially-asserted objections.  *See id.*  Defense Counsel reserved her right to rely on her initial objections for purposes of admissibility at trial, but agreed to accept Plaintiff's production request, as limited and reframed in Plaintiff's letter, and advised Plaintiff that Defendant would not withhold production to the narrowed request under an overbreadth or any other objection.  *See id.*

5.      ***Defendant Represents That He Does Not Own A Personal Computer.***  During this phone call, the parties also discussed the timing of Defendant's compliance with Production Request No. 1.  Defense Counsel explained to Plaintiff that, as corroborated by Defendant's interrogatory responses, the only hard drives or computer devices that Defendant possessed in the three years preceding the filing of this lawsuit were (1) three Apple iPads; (2) two Apple

5

iPhone 5s; and (3) one MacBook Pro that had been provided by, but already returned to, Defendant's former employer.  *See* Ex. 3.  As to this computer, Defendant reneged on his earlier agreement to coordinate with his former employer in a good faith effort to obtain access to the MacBook Pro.  As the Court might recall, Plaintiff was thus forced to subpoena Defendant's former employer to try and locate the computer.  *See* CM/ECF 49.  As to the Apple iPads and iPhones, Defense Counsel advised that the devices had been searched, but that no responsive documents were found.  *See* Ex. 3.  She indicated that she would shortly provide Plaintiff with the receipts for these searches.  *See id.*  Defense Counsel did so the next day, September 2, 2015.  *See* **Exhibit "4,"** attached hereto.  Plaintiff's counsel explicitly asked Defense Counsel whether Defendant had not disclosed any other computer devices based upon any objections and whether additional computer devices existed.  *See* Ex. 3.  Defense Counsel said no, reconfirming that Defendant had "provided everything" and that the only computer Defendant possessed between May 2012 and May 2015 was the MacBook Pro that Defendant returned to his former employer.  *See id.*

      6.     ***Plaintiff Relies On Defendant's Representations and Believes It Has Nothing to Compel.***  Plaintiff and its Counsel found it suspicious and peculiar that Defendant, a computer expert and software engineer, would not own a personal, non-work computer.  Still, Plaintiff had no actual evidence or concrete basis to question Defendant and his attorney's representations, and thus had no cognizable basis upon which to move to compel discovery related to a computer that Defendant claimed did not exist.  Without any actual evidence to accuse Defendant of suppression, Plaintiff did not have sufficient evidence to bring a motion to compel.  Indeed, it is certainly possible that Defendant had used his former employer's (now unavailable) laptop to commit the infringement, and Defense Counsel had informed Plaintiff that there were no

computer devices to compel.  **At no time during this whole process did Defendant or Defense Counsel ever advise Plaintiff that, contrary to Defendant's prior representations, Defendant in fact also possessed a personal laptop.**  As discussed below, Defendant admitted during his deposition to using BitTorrent on a regular basis at his home during the three years prior to the date on which Plaintiff's Production Request No. 1 was propounded.  And it was during the October 13, 2015 deposition of Defendant's wife that Plaintiff would first learn that **Defendant also had a personal laptop which almost certainly contains evidence of his BitTorrent use.**

7. *Plaintiff Schedules the Deposition of Defendant and his Wife.*  Once Plaintiff received confirmation from Defendant's former employer that the MacBoook Pro that had been lent to Defendant was unobtainable, Plaintiff scheduled the depositions of Defendant and his wife.  Plaintiff had been waiting to depose Defendant and his wife until after receiving the computer evidence responsive to Plaintiff's Production Request No. 1.  This litigation strategy is proper and makes sense pursuant to the Federal Rules.  To explain, Federal Rule of Civil Procedure 30 permits a party to depose his adversary only one time and only for up to a maximum of seven hours.  If Plaintiff had deposed Defendant and his wife prior to receiving the computer discovery, Plaintiff would have deprived itself the ability to depose Defendant and his wife about the production.  Plaintiff would have liked to depose Defendant and his wife much earlier in the litigation but was unable to do so since Defendant vigorously opposed many of Plaintiff's discovery requests (causing the parties to have various conferrals that delayed production) and because Plaintiff was forced to subpoena Defendant's former employer for access to the only computer that it knew about (and had to wait for a response from that employer before it could take Defendant's deposition).  *Cf. Holbourn v. NCL (Bahamas) Ltd.*,

7

305 F.R.D. 685, 689 (S.D. Fla. 2014) ("Where the substantive value of the evidence predominates, courts have held that production should not be delayed until after deposition. [Rather], the [evidence] should be produced to the Plaintiff prior to deposition.").

8.  ***During Defendant's Wife's October 13, 2015 Deposition, Plaintiff Discovers That Defendant Has Been Suppressing a Personal Computer.***  Just days ago, during the deposition of Defendant's wife, Defendant's wife testified that Defendant owns a personal laptop. <u>This was the first time Plaintiff ever learned of this computer</u>. When Plaintiff's Counsel asked Defendant's wife for details about this computer, she explained that she did not know where the computer was currently located and that Defendant had told her that he had "taken care of it." Incredibly, when Plaintiff's Counsel asked Defendant about this never-before-mentioned personal non-work laptop, Defendant, after initially denying it, confirmed its existence, proving his prior assertion that he does not own a personal laptop completely false.[5]

9.  ***Defendant Admits That the Suppressed Computer Likely Contains Material Documents Responsive to Plaintiff's Request for Production No. 1.***  Plaintiff asked Defendant when he last used his suppressed laptop and Defendant gave two different answers. Defendant first testified that the computer was last used in "February or March of 2014" (*i.e.*, within the period of recorded infringement). Defendant then changed his answer, clarifying that it was actually last used in "late 2012 or early 2013." Either way, Defendant's testimony establishes that this computer was used since May 2012. Therefore, this computer fell within the time period asked in Plaintiff's Production Request No. 1, as amended by party agreement. *See* Ex. 2. Indisputably, Defendant had a duty to produce documents from this computer. Indeed, it cannot possibly be said that Defendant searched this computer and simply failed to find relevant

---

[5] The transcripts for these depositions just arrived today, as this Motion was being finalized and filed. They can be provided to the Court, in whole or in part, upon request.

evidence.  First, Defendant testified at his deposition that he did not search this computer for responsive documents.  Second, Defendant testified that he regularly used his computers to download content via BitTorrent using a program called "Transmission."[6]  Plaintiff's Production Request No. 1, as limited to resolve Defendant's prior overbreadth objections, sought documents related to the term "torrent" from any computer under Defendant's control between May 2012 and May 2015.  <u>It is now **undisputed** that Defendant's heretofore undisclosed personal laptop is responsive to Plaintiff's Production Request and is likely to lead to the discovery of admissible evidence</u>.  Defendant had a duty to search his laptop and produce responsive documents to Plaintiff.  Unbeknownst to Plaintiff until now, Defendant consciously disregarded this duty and violated his discovery obligations.[7]

10.     ***Plaintiff Diligently And Promptly Moves to Compel.***  Plaintiff only first learned about Defendant's personal laptop computer during depositions on October 13, 2015.  Had Plaintiff earlier realized that this computer existed, Plaintiff would have moved to compel its production earlier.  Since Plaintiff was unaware of its existence, however, Plaintiff did not realize it had anything to compel.  Again, Defense Counsel had affirmatively informed Plaintiff that there were no undisclosed computers under Defendant's possession, custody, or control between May 2012 and May 2015.  *See* Ex. 3.  Plaintiff filed its motion to compel immediately after discovering that a key piece of evidence existed but was being suppressed.  Under the circumstances, undersigned submits that it certainly acted with as much diligence as possible to

---

[6] It certainly warrants emphasis that of all the numerous BitTorrent clients out there, the "Transmission" BitTorrent software is the ***exact*** one that Plaintiff recorded infringing its copyrighted works.

[7] The committee notes to Federal Rule of Civil Procedure 26(g) clearly "impose an affirmative duty to engage in pretrial discovery in a responsible manner," and provide that "the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons, rather than to expose the facts and illuminate the issues, by overuse of discovery or unnecessary use of defensive weapons or evasive responses.  All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake."

ensure that Plaintiff is afforded access to all the relevant evidence and that Plaintiff's copyright infringement claim is fairly adjudicated.

**III.    ARGUMENT**

"[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Inetianbor v. CashCall, Inc.*, 962 F.Supp.2d 1303, 1307 (S.D. Fla. 2013). Such a motion is appropriate where the Court has misunderstood a party, misconstrued the applicable facts, or "made an error not of reasoning but of apprehension." *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, No. 97-7014-CIV, 2005 WL 5643877, *2 (S.D. Fla. May 31, 2005); *Vila v. Padron*, No. 04-20520-CIV, 2005 WL 6104075, *1 (S.D. Fla. Mar. 31, 2005).

Here, reconsideration is appropriate and necessary to correct error and prevent manifest injustice because the denial of Plaintiff's Motion to Compel was premised upon a misunderstanding of the applicable facts. This Court declined to compel Defendant to produce his personal laptop for imaging because "[t]he attached discovery materials indicate that Defendant objected to the breadth of Plaintiff's discovery requests and the record shows that Plaintiff did not move to compel."  CM/ECF 71.  Yet, as explained herein, Plaintiff mooted Defendant's overbreadth objection by limiting its Production Request No. 1 to (1) encompass only devices in Defendant's possession, custody, or control between May 2012 and May 2015 and (2) seek only documents related to the term "X-art," the term "torrent," and the file names as listed in Plaintiff's MySQL log file. *See* Ex 2.  Based on this limitation, Defendant agreed not to rely on an overbreadth—or any other—objection and he affirmatively provided responsive production to Plaintiff by producing the requested search results for three iPads and two iPhones. *See* Ex. 3–4.  Even if Defendant had not explicitly agreed not to withhold production pursuant to

10

his overbreadth objection, his affirmative production itself constitutes a waiver of any overbreadth objection.  *See, e.g.*, *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-cv-753, 2011 WL 4382104, *4–5 (M.D. Fla. Sept. 20, 2011) ("[I]f an objection to a discovery request is raised, and then the question is answered 'subject to' or 'without waiving' the objection, this court is reluctant to sustain the objection. … Simply put, the rules do not on their face give a party that option.  ***[W]henever an answer accompanies an objection, the objection is deemed waived***…."); *see also, e.g.*, *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-cv-749, 2015 WL 1470971, *4 (M.D. Fla. Mar. 31, 2015) (overruling objections, explaining: "responding to [a] discovery request [with] 'subject to or without waiving the objection' … preserves nothing"); *Alhassid v. Bank of Am., N.A.*, No. 14-20484, 2015 WL 1120273, *2 (S.D. Fla. Mar. 12, 2015) (same); *Martin v. Zale Delaware, Inc.*, No. 8:08-cv-47-T-27, 2008 WL 5255555, *2 (M.D. Fla. Dec. 15, 2008) (same); *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008) (same); *Consumer Elecs. Ass'n. v. Compras & Buys Magazine, Inc.*, No. 08-21085-civ, 2008 WL 4327253, *3 (S.D. Fla. Sept. 18, 2008) (same).

Plaintiff's counsel asked Defendant whether, in addition to Defendant's iPads, iPhones and former work laptop, Defendant would also produce documents relating to any personal computers.  Defendant advised that he would not—*not because of an overbreadth objection, but because Defendant had no personal computers to search*.  Based on that representation, Plaintiff had no basis to file a motion to compel.  *See* Ex. 3.  Under these facts—which Plaintiff apologizes for not making clear before—Plaintiff cannot be faulted for failing to move to compel production of a computer that it was told did not exist, nor can Plaintiff be faulted for failing to move to overrule an overbreadth objection upon which Defendant advised that he would not rely.  And it cannot fairly be argued that Plaintiff should have discovered Defendant's suppression

11

sooner because, as mentioned above, Plaintiff deposed Defendant as soon as possible after receiving what Plaintiff was told was the universe of relevant discovery. Since Plaintiff wanted to depose Defendant and his wife about Defendant's production and discovery responses, it was reasonable for Plaintiff to wait until full receipt of same to conduct the depositions.

In denying Plaintiff's Motion to Compel, this Court also reasoned that "Plaintiff has not shown that Defendant lied about the existence of the 'newly disclosed computer' referenced in the motion." CM/ECF 71. Plaintiff believes that this conclusion is also clearly erroneous and an inadequate basis upon which to deny Plaintiff's Motion to Compel. Throughout this litigation and up until the deposition of Defendant's wife, both Defendant and his attorney advised Plaintiff that between May 2012 and May 2015, Defendant did not own any personal computers, but instead only used a computer provided by his former employer. *See* Ex. 3. Plaintiff's counsel asked whether Defendant possessed any other computers that could be the subject of a motion to compel, and was told that there were no undisclosed computers in existence. *See id.* Defendant and his attorney will not—indeed, in good faith *cannot*—deny making these oral representations. It cannot possibly be suggested that Defendant did not lie about the existence of his personal laptop. Regardless, the Court must note that Defendant never provided Plaintiff with discovery responses to account for his personal laptop. This omission is the functional equivalent of a lie because Defendant's personal laptop was unquestionably responsive to Plaintiff's Production Request No. 1, as limited by party agreement to nullify Defendant's initially-asserted overbreadth objection. *See* Ex. 2. Thus, Defendant had a duty and obligation to disclose his personal laptop and provide relevant discovery related thereto. Defendant did not do so. As a matter of law, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The undisputed facts show that Defendant failed to disclose his personal laptop computer in violation of this Court's discovery rules and the Federal Rules of Civil Procedure. Moreover, the facts also undisputedly show that Defendant's suppressed personal laptop computer likely contains evidence that is material and relevant to the core issues in this litigation. Indeed, Defendant admitted that he has used the undisclosed laptop since May 2012 and that since that time he has used his computers to download content via BitTorrent using the same software that was used to infringe Plaintiff's copyrighted works. Although Defendant represents that his personal laptop was not used during the period of recorded infringement (to steal Plaintiff's works or otherwise), Defendant refuses to take a lie detector test to corroborate this representation, even though Plaintiff (1) offered to pay Defendant all of his attorney's fees if he passes the test and (2) agreed to allow the Court to rely on the results of Defendant's lie detector test if he were to pass. Defendant's refusal to take a lie detector test under these very generous and favorable circumstances strongly suggests that Defendant is not being truthful. Defendant also lied under oath about not receiving DMCA and copyright infringement notices, even falsely testifying that he checked the email account to which Comcast sent him five (5) such notices. Plaintiff justifiably does not trust Defendant. Regardless, proving Defendant lied is <u>not</u> a prerequisite for obtaining relevant discovery. Having only just discovered that Defendant has been suppressing relevant and discoverable evidence, Plaintiff has diligently and quickly requested that the Court come to its aid so as to ensure that this lawsuit is equitably and properly adjudicated.

## IV. CONCLUSION

For the foregoing reasons, together with the facts and arguments asserted in CM/ECF 49 and CM/ECF 69, Plaintiff respectfully requests Your Honor reconsider the denial of Plaintiff's

Motion to Compel and instead enter an Order (1) ordering Defendant to immediately produce his recently-disclosed personal laptop for forensic imaging; (2) granting Plaintiff twenty five (25) days from receipt of the laptop to examine it for relevant evidence and supplement its expert report to the extent necessary to account for any suppressed evidence; and (3) awarding Plaintiff its attorneys' fees and costs incurred in seeking its requested relief, together with any other and further relief that the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Prior to filing this motion, I hereby certify that I conferred with Defendant's attorney via email on October 19–20, 2015. Defense Counsel opposes Plaintiff's requested relief.

Respectfully submitted,

LIPSCOMB EISENBERG & BAKER, PL

By: /s/ *Daniel C. Shatz*
**Daniel C. Shatz, Esq.**
Florida Bar No. 94696
dshatz@lebfirm.com
**M. Keith Lipscomb, Esq.**
Florida Bar No. 429554
klipscomb@lebfirm.com
**Jessica Fernandez, Esq.**
Florida Bar No. 103891
jfernandez@lebfirm.com
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Daniel C. Shatz*